MARTÍNEZ, PETICIONARIO, *v.* CROSAS, JUEZ DE DISTRITO, DEMANDADO.

RECURSO de *certiorari* contra el Hon. Andrés B. Crosas, Juez de la Corte de Distrito de Aguadilla, en causa por delito de falsa representación en grado de tentativa.

No. 280.—Resuelto en abril 27, 1920.

ACUSACIÓN—GRAN JURADO—DERECHO DEL ACUSADO.—Todo procesado por *felony* cometido aun con anterioridad a la promulgación de la Ley No. 58 aprobada en junio 18 de 1919, tiene derecho a exigir que la acusación le sea formulada por el Gran Jurado.

Los hechos están expresados en la opinión.

El peticionario compareció en su propia representación.

Abogado del demandado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el día de la lectura de la acusación contra el acusado formuló éste una excepción perentoria alegando que la acusación era defectuosa por varias razones y como último fundamento alegó que dicha acusación examinada desde cual-

quier punto de vista, era insuficiente puesto que no fué presentada por un Gran Jurado de acuerdo con la Ley No. 58, aprobada en junio 18, 1919, leyes de ese año, página 302, la cual prescribe que todos los delitos graves (*felonies*), deberán ser perseguidos mediante acusación del Gran Jurado. La corte desestimó la excepción perentoria y el acusado ha solicitado un auto de *certiorari*.

Durante la vista el fiscal de esta corte compareció y admitió que si bien los hechos alegados en la acusación tuvieron lugar antes de la aprobación de la Ley No. 58, sin embargo, como el derecho a la presentación por un Gran Jurado era cuestión de procedimiento, debe darse a la ley efecto retroactivo a fin de que sea aplicable a cualquier delito cometido con anterioridad a su aprobación. Leyes retroactivas son aquellas que tienen presente o afectan a un acto ejecutado o a un derecho adquirido antes de su vigencia y generalmente sólo están fuera de las facultades de una Legislatura cuando privarían a una persona de un derecho substancial. 12 C. J. página 1084 y siguientes. Cuando una ley meramente afecta al procedimiento y no priva al acusado de ningún derecho substancial y no puede ser considerada *ex post facto*, como se emplea dicha frase, tal ley puede tener un efecto retroactivo. *People* v. *Campbell*, 59 Cal. 243, 43 A. R. 257; *Chandler* v. *McDonald*, 29 L. R. A. 834, 8 Cyc. 1029, 12 C. J. 1103.

Esto es cierto *a fortiori* cuando se amplían los derechos del acusado como bajo la Ley No. 58 *supra*, y éste insiste en el beneficio que dicha ley le confiere.

La acusación formulada en este caso debe ser anulada.

> *Anulada la acusación y cancelada la fianza*
> *prestada por el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.